UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PriMed Pharmaceuticals, LLC and Oak Drugs, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> National Association of Boards of Pharmacy <br><br> Defendants. | Civil Action No. 2:18-cv-17462 (KM) (MAH) <br><br> **DECISION AND RECOMMENDATION** |

Pursuant to the Order of Magistrate Judge Michael A. Hammer dated July 17, 2023, the undersigned was appointed under Federal Rule of Civil Procedure 53 as Special Discovery Master ("SDM") with specific functions including addressing and making recommendations to the Court regarding pretrial discovery disputes that were previously briefed and which the parties have not resolved. This Decision and Recommendation addresses the four specific disputes briefed to Magistrate Judge Hammer in their May 31, 2023 joint letter (D.E. 233), which disputes remain unresolved.

For purposes of this Decision and Recommendation, "VAWD" stands for "Verified Accredited Wholesale Distributor" accreditation which is an accreditation that can only be provided to wholesale drug distributors by Defendant National Association of Boards of Pharmacy (NABP). The two Plaintiffs, PriMed Pharmaceuticals, LLC ("PriMed") and Oak Drugs, Inc. ("Oak Drugs") are wholesale drug distributors.

In *Maxtrix Distrib., Inc. v. Nat'l Assn. of Bds. of Pharmacy*, 34 F.4th 190 (3d. Cir. 2022), the United States Court of Appeals for the Third Circuit (the "Third Circuit") identified the

remaining cause of action and issues in this remand which are now embodied in the Second Amended Complaint (D.E. 206-2). This cause of action for which Plaintiffs now seek discovery, concerns Plaintiffs' claims of violations of their New Jersey common law right to due process. In their Second Amended Complaint, Plaintiffs allege NABP is a "quasi-public" accrediting agency that is required to employ fair procedures when making its accreditation decisions. Plaintiffs maintain that: 1) until September, 2019, NABP enjoyed monopoly power over pharmaceutical wholesale distributor accreditation; 2) NABP did not afford Plaintiffs with a hearing or any opportunity to appeal NABP's decisions to cancel their applications or challenge the criteria upon which NABP's decisions were based; and 3) NABP's handling of Plaintiffs' cancelled VAWD accreditation applications was arbitrary and capricious, based on legally invalid criteria and lacking any meaningful due process.

The Third Circuit analyzed the facts of the instant case to those of *Falcone v. Middlesex County Medical Society*, 170 A.2d 791, 800 (N.J. 1961) and in so doing determined that "this case bears a strong resemblance to *Falcone*". The Third Circuit in *Matrix*, *supra.*, focuses on Plaintiffs' allegations that 1) NABP is a "quasi-public" association; 2) NABP's denial of accreditation had serious adverse economic and professional effects on Plaintiffs; 3) the cancellation of Plaintiffs' applications was arbitrary; 4) NABP ignored evidence showing Plaintiffs' compliance with NAPB's criteria for applicants to receive accreditations; and 5) NABP cancelled Plaintiffs' accreditation applications by adopting an unreasonable and overbroad interpretation of certain criteria. The Third Circuit concludes that if Plaintiffs' allegations set forth above are true, Plaintiffs may, as in *Falcone*, be able to prove that NABP's denial of accreditation was "patently arbitrary and unreasonable" conduct.

It is against this backdrop that the undersigned now addresses the four remaining discovery disputes of Plaintiffs set forth in D.E. 233.

**Document Request No. 11**

**Any Communications concerning all VAWD applications filed or submitted by any person or Wholesale Distributor based or licensed in the State of New Jersey, including, without limitation, any relevant policies, procedures, criteria or decisions, for each Wholesale Distributor's VAWD application that was canceled, denied, appealed or accepted regardless the date of the initial application, or the date of any subsequent cancellation, denial, appeal or acceptance and accreditation.**

Plaintiffs argue that from this evidence of how NABP treated other applicants and the process it applied to those who timely received accreditation, and where NABP ignored its own guidelines in accrediting others, Plaintiffs will establish that NABP's procedures as applied to Plaintiffs were arbitrary, unreasonable and violated due process. Plaintiffs argue this comparator evidence is necessary to Plaintiffs to enable Plaintiffs to show how other applicants were treated compared to Plaintiffs and, as a result, will demonstrate if NABP's process was arbitrary and unreasonable, and if NABP ignored evidence provided by Plaintiffs that it did not ignore from other applicants.

This SDM rejects the defense position that a decision was already made regarding this document request by virtue of D.E. 54, Magistrate Judge Hammer's Order ruling on D.E. 48. That ruling was made in 2019, prior to the procedural history of this case resulting in this remand, and in addition, that Order expressly provides that the Order's effect was confined to, "at this time".

This SDM is keenly aware of the cause of action involved in the scope of this remand, specifically, alleged violation of New Jersey common law due process as to any of Plaintiffs' canceled VAWD applications. Controlling case law dictates a finding by this SDM that any information about VAWD applications, other than those of the Plaintiffs, is not relevant to a due

3

process claim. *Ross v. Moffitt*, 417 U.S. 600, 609 (1974). (""Due process" emphasizes fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated."). As concluded by the Third Circuit, Plaintiffs' cause of action is one for denial of due process and not equal protection. The cases relied on by Plaintiffs are cases involving comparator evidence in the context of analyzing equal protection. This SDM finds that based on controlling case law comparator evidence is not relevant to Plaintiffs' procedural due process claim and accordingly Document Request No. 11 is DENIED.

**Document Request No. 14.**

**Any Document or Communication concerning any complaints, without limitation, filed with or submitted to NABP, or known to NABP, about NABPs VAWD accreditation policies, procedures or criteria, regardless the source of the complaint.**

Plaintiffs argue this information is relevant to determine whether Plaintiffs were denied due process when Plaintiffs' applications were cancelled arbitrarily, unreasonably, and with a disregard of evidence before the NABP. Plaintiffs allege that evidence of other applicants, outside of New Jersey, making complaints to or against NABP regarding NABP's VAWD accreditation process is evidence of 1) the expected time-frame for an application to proceed through various stages of review and the type and quantum of data considered by NABP in assessing applications for accreditation; and 2) NABP's awareness of complaints regarding the unreasonable or arbitrary manner in which other applications may have been processed and the existence of criteria similarly ignored by NABP that led to complaints filed by others. Plaintiffs seek to determine if complaints of others mirrored Plaintiffs' experiences and led to knowing violations of Plaintiffs' due process rights.

As in Document Request No. 11, this document request is seeking comparator evidence which, for reasons previously discussed above regarding Document Request No. 11, is irrelevant

4

to Plaintiffs' due process claims. Complaints regarding the VAWD process from other applicants or any party other than the Plaintiffs is not relevant to Plaintiffs' due process claims. The issue to be decided is if these Plaintiffs, in this action, received due process in pursuit of VAWD accreditation. *Ross*, 417 U.S. at 609 ("how other individuals in the same situation may be treated" is irrelevant to the courts' due process analysis.)

Plaintiffs' argument is correct that Third Circuit case law provides that when an association is a "quasi-public" entity, that association must exercise its power to exclude reasonably and lawfully. It cannot be arbitrary and unreasonable. Plaintiffs are still only entitled to this evidence, however, as it relates to Plaintiffs, and are not entitled to comparator evidence.

Furthermore, but not dispositive, this SDM agrees that for Defendant to undergo such an investigation of comparator evidence is extremely burdensome as it would require individualized review of hundreds of VAWD applicants, plus an extensive email review. Regardless, however, such an investigation will not provide information relevant to Plaintiffs' due process claims because the experiences of third parties regarding VAWD are not relevant to the due process inquiry regarding VAWD accreditation as applied to Plaintiffs. Based on the foregoing, Request No. 14 is DENIED.

**Requests for Admissions.**

**Plaintiffs' RFA #2:**

**Admit that the State of New Jersey is an active member of NABP and because it is an "active" member, by the terms of NABP's Constitution, the State of New Jersey participates in NABP 's Clearinghouse as a requirement for "active" membership in NABP.**

Plaintiffs seek admission of RFA #2 as Plaintiffs have the burden of proof regarding the "quasi-public" status of the NABP. In that regard, Defendant argues that activities unrelated to VAWD have no relevance to the Plaintiffs' due process claim and that NABP's programs and

5

activities are not relevant to the determination of whether NABP is a "quasi-pubic" entity for the common law due process analysis. Defendant argues the focus of the entity's specific activity alleged to violate due process is all that is relevant, which here would be in its involvement with VAWD.

This SDM disagrees with Defendant's position in light of the controlling Third Circuit decision of this remand, which provides, "the complaint plausibly alleges NABP is a "quasi-pubic" association" together with the Third Circuit analysis of the similarities between this case and *Falcone*. The Third Circuit does not reject Plaintiffs' allegations of "quasi-public" association, and by virtue of its remand includes, rather than excludes, the analysis of NABP as a "quasi-public" entity for purposes of the common law due process analysis. The open-ended question remains regarding NABP's "quasi-public" associational status.

As previously stated, this SDM disagrees with the Defendant's position relying on Magistrate Judge Hammer's Order dated February 1, 2019, D.E. 54 (ruling on D.E. 48 at 348) as decisive on RFA #2. The 2019 Order of Magistrate Judge Hammer was entered years prior to the instant remand and expressly includes the wording, "at this time."

Furthermore, this SDM finds RFA #2 is not yielding satellite litigation as argued by Defendant. It is directly focused on the issue made relevant by the Third Circuit's decision and remand: the "quasi-public" status of the NABP.

Based in the foregoing, RFA #2 is GRANTED.

**Plaintiffs' RFA #3**

**Admit that the State of New Jersey requires or includes as a requirement for licensure that all individuals seeking licensure as a pharmacist in the State of New Jersey to sit for and pass the NAPLEX administered by NABP.**

As regarding RFA #2, this information is sought in connection with Plaintiffs' claim that NABP is a "quasi-public" association in the State of New Jersey as referenced and discussed in the Third Circuit *Matrix* decision, and the cases the Third Circuit relied on in defining the status of "quasi-public."

Defendant argues this is another Request for Admission regarding programs and services unrelated to VAWD. This SDM has determined, that for discovery regarding proofs as to NABP's "quasi-public" status, Plaintiffs are not restricted to only information regarding NABP's programs and services related to VAWD.

For the same reasoning set forth above regarding RFA #2, RFA #3 is GRANTED.

## CONCLUSION

Plaintiffs' Document Requests #11 and #12 are DENIED;

Plaintiffs' RFA #2 and #3 are GRANTED; and

Defendant shall respond to RFA #2 and 3 within 30 days of today's date.

*[Signature]*

**Special Discovery Master**
**Rachelle L. Harz, J.S.C. (Ret.)**

**Dated: September 11, 2023**